# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED by __MC__ D.C.
ELECTRONIC

AUG 20, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

John Ley
Clerk of Court

August 20, 2013

For rules and forms visit
www.ca11.uscourts.gov

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 12-15930-EE
Case Style: Randolph Guthrie, III v. USA, et al
District Court Docket No: 1:12-cv-22193-FAM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 12-15930

_____

District Court Docket No.
1:12-cv-22193-FAM

RANDOLPH H. GUTHRIE, III,

        Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
CITY OF NEW YORK,
CITY OF MIAMI, FL,
DADE COUNTY, FL,
WALGREENS, CO.,
CVS CAREMARK CORPORATION, et al.,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 24, 2013
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Mandate Issued:
August 20, 2013

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15930
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22193-FAM


RANDOLPH H. GUTHRIE, III,

                                               Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
CITY OF NEW YORK,
CITY OF MIAMI, FL,
DADE COUNTY, FL,
WALGREENS, CO.,
CVS CAREMARK CORPORATION, et al.,

                                               Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 24, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Randolph Guthrie appeals pro se the dismissal with prejudice of his third amended complaint that the United States and more than 30 other defendants violated the Federal Tort Claims Act. 28 U.S.C. § 2675(a). The district court dismissed Guthrie's complaint for failure to comply with Federal Rule of Civil Procedure 10(b) and with instructions provided by the district court. Because Guthrie's third amended complaint suggests that he attempted to comply with both Rule 10(b) and the instructions of the district court, we vacate the order dismissing Guthrie's complaint with prejudice and remand for further proceedings.

The district court dismissed Guthrie's complaint and first amended complaint without prejudice for failure to comply with Rule 10(b). On both occasions, the district court gave Guthrie leave to amend the complaints and instructed him to set forth each claim in a separate count and to identify the factual and legal basis for each claim. Guthrie also filed a second amended complaint, but the district court did not address that pleading.

Guthrie filed a third amended complaint that was identical to his second amended complaint. In 173 paragraphs, Guthrie described how the United States conspired with his defense counsel to convict him of "copyright infringement" and later conspired with several individuals, businesses, and local governments to

2

engage in tortious conduct and violate his constitutional rights. The complaint contained 111 counts, each alleging a single claim against a named defendant or defendants. In two paragraphs following each count, Guthrie incorporated by reference the numbered paragraphs relevant to that count and provided a brief description of the defendants' alleged misconduct.

In response to a motion of the United States, the district court dismissed with prejudice Guthrie's third amended complaint. The district court dismissed the complaint for failure to comply with Rule 10(b) or the "due process concerns articulated in the court's previous Order." The district court stated that Guthrie's complaint "once again fails to state a cause of action against each individual defendant and does not coherently state what each defendant is alleged to have done"; its "attempt to 'incorporate by reference' a narrative of general allegations as to all defendants [did] not comply with [the] Court's prior Order"; and it failed to "allege any basis for the Court to assert jurisdiction over the laundry list of thirty three corporate and government defendants."

The district court abused its discretion by dismissing Guthrie's third amended complaint with prejudice. Guthrie's complaint, though rambling and disjointed, suggests that he attempted to comply with Rule 10(b) and the earlier instructions of the district court. Guthrie stated his claims in numbered paragraphs and identified what action by each defendant corresponded to each claim. See Fed.

R. Civ. P. 10(b).  If the district court intended to dismiss Guthrie's complaint for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies, that dismissal should have been without prejudice.  See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1234–35 (11th Cir. 2008).  A dismissal with prejudice is "an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338–39 (11th Cir. 2005) (internal quotation marks and citation omitted).  The district court did not suggest that Guthrie acted with willful contempt in filing his third amended complaint or that a lesser sanction would not suffice to address his filings, and the record suggests that Guthrie was making a good faith effort to comply with Rule 10(b) and the order of the district court.  Although grounds may exist to warrant dismissal of Guthrie's complaint with prejudice, the district court erred when it dismissed the complaint solely for failure to comply with its order and Rule 10(b).

     We **VACATE** the order dismissing Guthrie's complaint and **REMAND** for further proceedings.