UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  12-22193-CIV-MORENO**

RANDOLPH H. GUTHRIE, IIII,

      Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

      Defendants.

_____/

## ORDER DENYING MOTION FOR RECUSAL

Plaintiff, Randolph Guthrie, III, is requesting the Court recuse on the "grounds that [the undersigned] has met ex parte with defendant U.S. Government and held substantial ex parte discussions with its agents about this case."  Mr. Guthrie's motion does not provide any more substance beyond the one statement regarding this Court's alleged communications with government agents regarding this case.  After carefully considering the statutory standards and the case law, the Court concludes that the motion for judicial disqualification and recusal should be denied.

THIS CAUSE came before the Court upon Plaintiff's Motion for Recusal **(D.E. No. 45)**, filed on **September 30, 2013**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons stated in this order.

### I. Legal Standard

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe

them *in pari materia. Ray v. Equifax Information Servs., LLC*, 2009 WL 977313, *3 (11th Cir. April 13, 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000).

## II. Legal Analysis

A. *Motion to Recuse under 28 U.S.C. § 455*

Section 455(a) requires a district judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455(b)(1) requires judges to disqualify themselves "where [they] have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In *Thomas,* the Eleventh Circuit stated:

> Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.

*Id.* (internal quotations omitted) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) and *Hamm v. Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)); *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Bereft of substance, the Plaintiff's motion does nothing to convince a "reasonable observer" that the Court should recuse. Indeed, nothing in the motion makes the "reasonable observer . . .informed of all the surrounding facts and circumstances." *In re: Evergreen Security, Ltd.*, 570 F.3d 1257 (11th Cir. 2009) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004)). Having found the standard for recusal is not met, the Court denies the motion to recuse

under 28 U.S.C. § 455(a) and (b)(1).

**B. *Motion to Recuse under 28 U.S.C. § 144***

A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual

bias, as well as the appearance of impropriety. The section requires a party's timely affidavit,

which must be submitted along with counsel's additional certification of good faith. Section 144

reads as follows:

> Whenever a party to any proceeding in a district court makes and files
> a timely and sufficient affidavit that the judge before whom the matter
> is pending has a personal bias or prejudice either against him or in
> favor of any adverse party, such judge shall proceed no further
> therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that
> bias or prejudice exists, and shall be filed not less than ten days
> before the beginning of the term at which the proceeding is to be
> heard, or good cause shall be shown for failure to file it within such
> time. A party may file only one such affidavit in any case. It shall be
> accompanied by a certificate of counsel of record stating that it is
> made in good faith.

28 U.S.C. § 144.  In determining whether recusal is appropriate, therefore, the Court must first

determine whether the following three elements have been met: (1) whether a party has made and

timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of

counsel; and (3) whether the affidavit is legally sufficient. *Id.*  The Court will not consider whether

the recusal standard of 28 U.S.C. § 144 is met because the motion was filed without any affidavit

in its support.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

-3-