# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY ___HH___
Dec 17, 2014
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

December 17, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 14-14047-AA
Case Style: Randolph Guthrie, III v. U.S. Government, et al
District Court Docket No: 1:12-cv-22193-MGC

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

All pending motions are now rendered moot in light of the attached order.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: David L. Thomas, AA
Phone #: (404) 335-6169

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 14-14047-AA

RANDOLPH H. GUTHRIE, III,

Plaintiff-Appellant,

versus

U.S. GOVERNMENT,
CITY OF NEW YORK,
CITY OF MIAMI,
WALGREENS CO.,
CVS CAREMARK CORPORATION, et al.,

Defendants-Appellees,

DADE COUNTY, FL, et al.,

Defendants.

Appeal from the United States District Court
for the Southern District of Florida

Before: TJOFLAT, WILSON and JULIE CARNES, Circuit Judges.

BY THE COURT:

Randolph Guthrie, proceeding *pro se*, appeals the district court's dismissal of his *pro se* sixth amended complaint alleging 98 claims under the common law, Federal Tort Claims Act, and Racketeer Influenced and Corrupt Organization law's civil remedies provision because the complaint was frivolous, his claims lacked subject matter jurisdiction, and his claims were barred by the doctrine of *res judicata*. On appeal, Guthrie argues that his complaint was not frivolous because he witnessed every allegation in his complaint and did not make conclusory allegations,

that federal subject-matter jurisdiction existed because he brought claims under federal law, and that *res judicata* did not apply to his claims. Appellees Apple, Inc. ("Apple") and the government have separately moved for summary affirmance of that decision, and 12 appellees have moved to adopt Apple's motion.

Guthrie also appeals the district court's earlier decision to dismiss AT&T, Inc., Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson"), Clarence Lee Lott, III, and Robert E. Hauberg, Jr. for lack of personal jurisdiction. He argues that he alleged a conspiracy in which overt acts were committed in the forum state, so personal jurisdiction extended to all members of the conspiracy. Baker Donelson, Lott, and Hauberg have moved for summary affirmance of that decision.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

### *Dismissal of Parties For Lack of Personal Jurisdiction*

We review *de novo* a district court's dismissal for lack of personal jurisdiction, using a two-step inquiry. *Internet Solutions, Corp., v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). We first examine whether there is jurisdiction under the forum state's long-arm statute. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). We then examine whether the exercise of jurisdiction over the defendant would violate due process, which requires that the

2

defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice. *Id.* "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008).

Florida courts have acknowledged that its long-arm statute provides that any person who commits a tortious act within Florida submits to personal jurisdiction in that state for any claims arising out of that tortious act, and that "[w]here a civil conspiracy to commit tortious acts has been successfully alleged, and some of those acts are alleged to have been accomplished within the state of Florida," each conspirator is liable for the acts of other conspirators done in the furtherance of the conspiracy. *See Wilcox v. Stout*, 637 So.2d 335, 337 (Fla. Ct. App. 1994).

Here, the district court correctly determined that Guthrie did not allege any facts establishing that Baker Donelson, Lott, and Hauberg had sufficient minimum contacts in the forum state to establish personal jurisdiction. *Sloss Indus. Corp.*, 488 F.3d at 925. Guthrie did not allege that they were in any way connected to the forum state. Furthermore, Guthrie's complaint states that Baker Donelson, Lott, and Hauberg stopped their tortious actions when he was released from prison in 2008, three years before he moved to Florida. Guthrie contends that Florida had jurisdiction under a conspiracy theory of personal jurisdiction. However, a party is only held accountable for a co-conspirator's tortious acts for personal jurisdiction purposes under Florida law "[w]here a civil conspiracy to commit tortious acts has been successfully alleged."

3

*Wilcox*, 637 So.2d at 337. As will be explained further below, Guthrie did not successfully allege a conspiracy in his sixth amended complaint, and accordingly, his appellate argument for conspiracy theory personal jurisdiction fails. As such, Baker Donelson, Lott, and Hauberg's position that the district court correctly dismissed them for lack of personal jurisdiction is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc.*, 406 F.2d at 1162.

<u>*Dismissal With Prejudice of Sixth Amended Complaint*</u>

A district court's exercise of its inherent powers is reviewed for abuse of discretion. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002). Additionally, "a determination of frivolity is best left to the district court, and [this Court] will review such determinations only for abuse of discretion." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Discretion means that the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Our precedent indicates that a district court has the inherent power to dismiss an action that is so patently lacking in merit as to be frivolous. *Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983). Frivolous claims include claims describing "fantastic or delusional scenarios." *Bilal*, 251 F.3d at 1349 (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989)) (defining frivolity in the context of *in forma pauperis* proceedings).

Here, Guthrie alleged that the government conspired with his attorneys, landlords, television and internet service providers, social media service providers, hospitals, pharmacies, municipalities, mail carriers, and others to harm him in various ways. Among other things, he

alleged that the government and its co-conspirators: (1) pressured him to plead guilty to copyright infringement in order to protect the Chinese government; (2) scared him and otherwise made him uncomfortable while he was incarcerated; (3) inserted undercover agents into the prison population where he was incarcerated in order to alter his prison environment; (4) injected bacteria under his skin while he was sleeping to cause pimples; (5) put bacteria into his ear causing an ear infection; (6) poisoned him using a gun that shot invisible, painless, and untraceable darts and a "gas distribution apparatus" that was covertly installed in his apartment; (7) monitored him through video surveillance equipment and access to his medical records and social media activity; (8) poisoned and killed his pet parrot; (9) defamed him to his mother; (10) manufactured baseless criminal charges against him; (11) tampered with his mail; (12) prevented him from appealing a federal district court decision; and (13) generally annoyed him via loud music from adjoining apartments, sporadic interruptions in cable and internet services, and rudeness.

Based on the foregoing, and considering that district courts are best positioned to determine frivolity and that it does not appear that the district court's decision was influenced by any mistake of law or fact, Guthrie's appeal of the district court's frivolity determination is without arguable merit either in law or fact. *Bilal*, 251 F.3d at 1349; *Betty K Agencies, Ltd.*, 432 F.3d at 1337; *Napier*, 314 F.3d at 531.

Accordingly, the pending motions to adopt Apple's motion for summary affirmance are GRANTED, Baker Donelson, Lott, and Hauberg, Apple, and the government's motions for summary affirmance are GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.